Per Curiam.

In both of these cases novel and difficult constitutional questions in a field, largely unsettled, come to the court without a trial record and solely on the informations filed. Intermeshed are questions of conduct traditionally treated as criminal and yet, when committed privately and circumspectly, suggestive of an unwarranted interference by the State with the lately recognized and inchoate "penumbral” right of privacy (see, e.g., Griswold v Connecticut, 381 US 479, 484-485; Stanley v Georgia, 394 US 557, 564-568). The solution to these questions should not be determined in the *1019 bare outline of a criminal information, especially since divergencies of view, properly, may turn, among other things, on the different degrees of interference with privacy, or better, freedom of conduct, which may be tolerated in an organized society without infringing on a society’s right to require conformance to standards which it believes essential to its survival or character. Resolution of these issues may, conceivably, make irrelevant the contentions of defendants that equal protection of the laws is involved.
In one of the cases, there is no specification at all of the place where the acts occurred or whether the two actors were the only ones present. In the other, the information tells us only that the acts occurred in some portion of a public toilet, not otherwise described, and without suggestion whether any others were present before the police burst in. None of these distinctions may turn out to be material. On the other hand, great constitutional issues, and they are present in these cases, should not be determined on appeals from nonfinal orders on a fact complex as stark as one would expect in an abstract question on a bar examination.
Accordingly, the informations having been upheld, the court concludes that the orders should be affirmed, without prejudice, however, to a review or application for review of the issues on the merits when, as, and if defendants, or either of them, are convicted.
Chief Judge Breitel and Judges. Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
In each case: Order affirmed.